# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 09-188(1) (DWF/JJK) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Derrick Lamont Rumph, | |
| Defendant. | |

---

Tracy L. Perzel, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Derrick Lamont Rumph, *Pro Se*, Defendant.

---

Defendant Derrick Lamont Rumph ("Defendant") has moved the Court, *pro se*, pursuant to 18 U.S.C. § 3582(c) for a sentence reduction under the revised retroactive amendments to the United States Sentencing Guidelines applicable to crack cocaine cases. The Government opposes the Defendant's motion and request.

Based upon the presentations of the parties and the submissions before the Court, including a report from the Pretrial Services and Probation Office and a response by the United States Attorney's Office; and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1.  Defendant Derrick Lamont Rumph's motion for a reduction of sentence (Doc. No. [44]) is respectfully **DENIED** for the reasons stated in the memorandum below.

Dated:  March 2, 2012                s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge

**MEMORANDUM**

While the Court is appreciative of Defendant's respectful letter request that will be treated as a motion for reduction of sentence, the Court must respectfully state that the Defendant is not eligible for a sentence reduction.  The Fair Sentencing Act of 2010 with respect to its retroactive crack cocaine guideline amendments, did not alter the Defendant's guideline range of imprisonment because he was sentenced as a career offender under the applicable sentencing guidelines on June 1, 2010.

On June 1, 2010, the Defendant was sentenced by this Court to 75 months imprisonment, followed by four years of supervised release, after he pled guilty to possession with intent to distribute 30 grams of cocaine base and 70 grams of cocaine. This sentence also included a departure pursuant to § 5K1.1 and a variance pursuant to 18 U.S.C. § 3553(a).  The Defendant was held accountable for 26.5 grams of cocaine base and 68.86 grams of cocaine and received a three-level reduction for his acceptance of responsibility.  Significantly, however, the Defendant was found to be a career offender.

The initial guideline range at the time of sentencing was 188-235 months for a career offender and the new guideline range is precisely the same.

Simply, but importantly, stated, because the Defendant was sentenced as a career offender pursuant to USSG § 4B1.1(b), this Court does not possess the authority to reduce the Defendant's sentence, which is consistent with 18 U.S.C. § 3582(c)(2) and the applicable guideline policy statements set forth in USSG § 1B1.10(a)(1). While it is true that the guideline amendments are retroactive, they do not alter sentences previously imposed based upon a defendant's designation as a career offender. Importantly, the Court's previous downward sentencing departure, pursuant to USSG § 5K1.1, does not change the calculation of Defendant's guideline range of imprisonment under the retroactive amendments.

It should be noted, for the benefit of the Defendant, that the Eighth Circuit has consistently rejected use of Amendment 706 to reduce a defendant's sentence where the bottom of the applicable guideline range of imprisonment, and therefore the "starting point" for a district court's downward sentencing departure, was not changed by the guideline amendment. *See United States v. Byers*, 561 F.3d 825, 830-31 (8th Cir. 2009) (district court properly denied sentence reduction where the mandatory minimum sentence set the bottom of the applicable guideline range–both before and after the amendment–and the "substantial assistance" downward departure was taken from that range); *United States v. Baylor*, 556 F.3d 672, 673 (8th Cir. 2009); *United States v. Johnson*, 517 F.3d 1020, 1024 (8th Cir. 2008) (district court properly denied motion for a

sentence reduction where the crack amendment had no effect on the bottom of the restricted guideline range, which was set by the statutory minimum and was the legal "starting point" for the substantial assistance reduction).

    For the reasons stated, the Defendant is not eligible for a reduction of his sentence. The Court has therefore denied his request and motion.  However, the Court would observe that, according to the report that it received from the United States Probation Officer, the Defendant, in addition to not incurring any incident reports, has taken the initiative to take courses in parenting, personal finance, employment skills, drug abuse, Internet and computing, OSHA safety, WordPerfect, and typing.  While the Court commends the Defendant for doing so, it must respectfully deny his motion for a reduction of his sentence for the reasons stated.

D.W.F.